UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GEORGE HALL, # 090753,                  )
                                        )
            Plaintiff,                  )   Case No. 1:10-cv-1221
                                        )
v.                                      )   Honorable Paul L. Maloney
                                        )
MIKE MARTIN, et al.,                    )
                                        )   **MEMORANDUM OPINION**
            Defendants.                 )
_____)

    This is a civil rights action in which a state prisoner seeks relief for violation of his rights under the First Amendment and under the Religious Land Use and Institutional Persons Act (RLUIPA) arising from a decision by officials of the Michigan Department of Corrections to cease offering plaintiff a strict vegetarian diet at Lakeland Correctional Facility (LRF). Plaintiff alleges that he is a Messianic Jew and that his religious beliefs require him to restrict his diet to food items that contain no animal products. By order entered May 3, 2012, Chief Judge Paul Maloney granted a summary judgment to all defendants except defendants Martin and Purves. Judge Maloney's order, which adopted a previous report and recommendation, allowed the case for injunctive and monetary relief against these defendants to proceed. The court denied plaintiff's motion for a preliminary injunction reinstating a kosher, vegetarian diet, for lack of clarity concerning the availability of that diet at plaintiff's prison and his willingness to accept the strict vegetarian diet offered at LRF.

    While the report and recommendation was under consideration by the district judge, plaintiff filed a motion styled a "motion for reconsideration" (docket # 28) in which he informed the

court that the strict vegetarian diet served at his prison to Buddhists and Seventh Day Adventists would satisfy plaintiff's religious dietary needs.[1]  Plaintiff's motion stated that the "Coldwater complex strict vegetarian menu" as then currently being served to Buddhists and Seventh Day Adventists at his facility "will adequately meet Plaintiff's religious needs." (docket # 28 at 2).  On this basis, plaintiff requested the entry of a preliminary injunction requiring defendants to make that diet available to him.

After Judge Maloney entered his order on the dispositive motions, plaintiff filed an affidavit concerning recent communications between plaintiff and prison officials or Assistant Attorneys General assigned to this case.  The most important fact disclosed by plaintiff's affidavit is that prison officials had agreed to serve plaintiff his desired strict vegetarian meals, beginning Wednesday, May 16, 2012.  Plaintiff's affidavit informed the court that this concession by prison officials resolved plaintiff's request for a preliminary injunction, leaving only the matter of damages. Defense counsel filed a response (docket # 33), agreeing that prison officials had begun serving plaintiff his desired diet and arguing that all claims for injunctive relief are therefore moot.

Plaintiff thereafter asked for a hearing to assess damages, apparently assuming that he had prevailed on all liability issues. (docket # 32).  Plaintiff also filed a brief in support of a claim for punitive damages (docket # 29), as well as a "supplement" citing further evidence in support of his punitive damages request.

Within the last thirty days, a dispute concerning the scope of discovery has been raised by the parties.  Plaintiff has filed a motion for protective order (docket # 37), requesting that

---

[1] Plaintiff's motion raised a possible question concerning Passover, during which plaintiff is required to abstain from leavened foods, but stated that he could nevertheless meet his Passover obligation.

the court deny defendant any discovery on the remaining issues in the case. Defendants have filed a response in opposition to the motion for protective order and seek leave under Fed. R. Civ. P. 30(a)(2) to take the deposition of plaintiff and other prisoners who have submitted affidavits or evidence in this case. Plaintiff resists any discovery "at this late date" and accuses defendants of using discovery "in an attempt to persuade this Court that punitive damages are not appropriate." (docket # 40).

### Discussion

The pending motions address two questions. First, was plaintiff's request for a preliminary injunction rendered moot by the decision of prison officials to grant his request for a strict vegetarian diet? Second, should defendants be denied discovery on plaintiff's remaining claim for monetary relief?

### 1.

All parties now agree that plaintiff is receiving a diet that satisfies his religious needs. This development, which occurred during the course of this case, negates any need for preliminary injunctive relief, as plaintiff is no longer facing "actual and imminent" harm to his federally guaranteed rights. *See Abney v. Amgen., Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). Contrary to defendants' assertion, however, plaintiff's claim for permanent injunctive relief is not necessarily mooted by this concession. Under well-established Supreme Court precedent, the "voluntary secession of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953). Where a defendant voluntarily changes its conduct as a result of litigation, courts are

concerned that the challenged conduct might start up again in the absence of judicial intervention. *See Friends of the Earth, Inc. v. Laidlaw Environmental Servs.*, 528 U.S. 167, 189 (2000). The Supreme Court therefore places the burden on defendant of persuading the court that the challenged conduct would not reasonably be expected to recur. *Id.* The Sixth Circuit accords government officials more solicitude in this respect than private parties, often holding that government self-correction "provides a secure foundation for a dismissal based on mootness so long as it appears genuine." *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990). Consequently, if the court ultimately finds that plaintiff's rights under the First Amendment or RLUIPA have been violated, the court will consider the status of the record at that time to determine whether defendants have met their burden of showing that the claim for injunctive relief is moot under Sixth Circuit standards. That question, however, is not presently before the court.

In light of the voluntary action of prison officials, plaintiff's motion for reconsideration of his motion for preliminary injunction (docket # 28) will be dismissed.

**2.**

Plaintiff has made clear his desire to obtain compensatory and punitive damages in this case. Filing a motion for imposition of punitive damages or seeking a hearing on the issue of damages is not the way that the law allows such relief to be awarded. As a primary matter, plaintiff has not prevailed on either his First Amendment or his RLUIPA claims. The court has merely found that issues of material fact preclude summary judgment in favor of defendants and that they are not entitled to a defense of qualified immunity. The court has not found, however, that plaintiff is

entitled to prevail in this case.  Such a finding of liability is an obvious prerequisite to the imposition of damages of any kind.

Consequently, this case is not as far advanced as plaintiff assumes, nor is it "late in the day" for either party to seek discovery.  The consequence of the denial of a defendant's motion for summary judgment is generally a determination that the case must be tried to resolve remaining liability and damages issues, unless the court decides on a subsequent motion for summary judgment that either plaintiff or defendant is entitled to prevail as a matter of law.  The Federal Rules of Civil Procedure envision that both parties will be given a fair opportunity for discovery to establish their claims or defenses.  Plaintiff's demand for an immediate trial, with no opportunity for discovery, seriously misapprehends the civil litigation process and invites the court to abuse its discretion.

Therefore, plaintiff's motion for an assessment of punitive damages (docket # 29) and his motion for a hearing (docket # 32) are both premature and will be dismissed without prejudice. The court will establish a schedule setting dates and deadlines for discovery and for the filing of further dispositive motions.  If necessary, the court will establish a pretrial and trial schedule to resolve any remaining liability or damage issues.  Plaintiff has not established good cause, as required by Fed. R. Civ. P. 26(c), for a protective order limiting or denying discovery in this case. The court will also grant defendants' motion to depose plaintiff and his witnesses.


Dated:  October 12, 2012            /s/  Joseph G. Scoville
                                    United States Magistrate Judge