UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| GEORGE HALL, # 090753, | ) |
| Plaintiff, | ) Case No. 1:10-cv-1221 |
| v. | ) Honorable Paul L. Maloney |
| MIKE MARTIN, et al., | ) |
| Defendants. | ) **REPORT AND RECOMMENDATION** |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983 and federal statutory law. Plaintiff is serving multiple life sentences in the custody of the Michigan Department of Corrections (MDOC) on first-degree murder convictions. At all relevant times, he was an inmate at the Lakeland Correctional Facility (LCF). The defendants are Michael Martin, the MDOC's Special Activities Coordinator, and Acting Food Service Program Manager Brad Purves. Plaintiff's First Amendment claims are (1) a claim for damages against defendant Purves in his individual capacity arising from Purves's decision in April 2010 to discontinue a kosher, vegan meal plan that had been implemented at LCF, and (2) a claim for damages against defendant Martin in his individual capacity arising from Martin's decision in June 2010 to deny plaintiff's request for a strict vegetarian diet. Plaintiff seeks an award of damages in excess of $250,000. He seeks injunctive relief against defendants in their official capacities under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-2(a). It is undisputed that since May 16, 2012, plaintiff has been receiving a diet that satisfies his religious dietary needs.

On March 29, 2012, I entered a 31-page report and recommendation recommending that defendants' motion for summary judgment on the above-listed claims be denied. Plaintiff was not then receiving a diet that met his religious dietary needs, and there were genuine issues of material fact precluding summary judgment on plaintiff's First Amendment claims for damages against Purves and Martin. I recommended that defendants' motion for summary judgment be granted on all other claims. (3/29/12 Report and Recommendation, docket # 27). On May 3, 2012, Chief Judge Paul Maloney entered an order adopting the report and recommendation, to which no one had objected. (5/3/12 Order, docket # 30).

The matter is now before me on plaintiff's motion for summary judgment. (docket # 58). Defendants have filed their response. (docket # 60). Plaintiff filed a reply brief (docket # 61) and a supplemental reply brief (docket # 63) which updated the court on the status of the "new vegan" diet the MDOC implemented in 2013. For the reasons set forth herein, I recommend that plaintiff's claims for injunctive relief under RLUIPA be dismissed as moot. I further recommend that plaintiff's motion for summary judgment on his First Amendment claims for damages be denied, because he has not carried his high burden as the moving party with the burden of proof.

**Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 362 (6th Cir. 2012). The standard for determining whether summary judgment is appropriate is "whether 'the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 599 (6th Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e)(2), (3); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Donald v. Sybra, Inc.*, 667 F.3d 757, 760-61 (6th Cir. 2012).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036,

1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Proposed Findings of Fact**

Almost all the relevant facts are set forth in the earlier report and recommendation (3/29/12 Report and Recommendation at 3-7, docket # 27, ID#s 255-59), and they are incorporated herein by reference. The parties have provided some additional evidence. Plaintiff's deposition testimony has helped define the amount he is seeking from defendants as damages. (Plf. Dep. at 17-

19, docket # 60-2, ID#s 483-85). Defendant Martin's answers to plaintiff's first and second set of interrogatories provide some additional insight into the information that Martin had in June 2010, when he denied plaintiff's request for a strict vegetarian diet. (Martin's Answers to Plaintiff's First Set of Interrogatories, Nos. 17-20, docket # 59-4, ID#s 450-51; Martin's Answers to Plaintiff's Second Set of Interrogatories, Nos. 7-8, docket # 59-5, ID#s 462-64). There is also some additional evidence regarding defendant Purves's role in terminating the kosher, vegan diet that had been provided to LCF prisoners before April 2010. (Purves Aff. ¶ 5, docket # 60-3, ID# 489; Purves's Answers to Plaintiff's First Set of Interrogatories, No. 8, docket # 59-2, ID# 425; Purves's Answers to Plaintiff's Second Set of Interrogatories, Nos. 1, 7-11, docket # 59-3, ID#s 437, 439-41).

Defendant Purves presented evidence that the MDOC intended to "roll-out" a "new vegan" diet in June 2013:

> 6. The MDOC is taking steps to accommodate all prisoners with religious dietary needs in the most cost effective manner. The MDOC will continue to offer religious menus that meet the religious needs of prisoners. However, instead of offering separate kosher and vegan diet[s], the MDOC will instead be offering a new vegan diet that meets both kosher and halal requirements. The MDOC plans to have the vegan diet certified by clergy members from the Jewish and Islamic faiths to ensure compliance with religious dietary restrictions. The MDOC expects to have completed the roll-out of this diet by the end of June 2013.
>
> 7. Based on my understanding of the diet sought by Plaintiff, the new vegan diet described above would fit his religious needs.

(Purves Aff. ¶¶ 6-7, docket # 60-3, ID#s 489-90).

**Discussion**

1. **Mootness**

On December 27, 2013, plaintiff filed a supplemental brief informing the court that the MDOC had implemented the new vegan diet and that it "went into effect at the Lakeland Correctional Facility on December 1, 2013." (Supplemental Reply Brief at 1, docket # 63, ID# 511). Plaintiff finds that this new diet continues to meet his religious dietary needs and expresses his desire that it "remain intact." (*Id.* at 2, ID# 512). Implementation of the new vegan diet has resolved any issue of future coercive relief. I recommend that plaintiff's RLUIPA claims for injunctive relief be dismissed as moot.

2. **First Amendment Claims for Damages**

The legal standards applicable to plaintiff's First Amendment claims for damages remain unchanged, and the discussion of those standards appearing in the earlier report and recommendation is incorporated by reference. (3/29/12 Report and Recommendation at 19-26, docket # 27, ID#s 271-78). Although plaintiff has presented some additional evidence, it does not approach the level of proof necessary for him to obtain summary judgment. Plaintiff's evidence is not of such strength that no reasonable trier of fact would be free to disbelieve it. *Surles v. Andison*, 678 F.3d at 455-56; *Arnett v. Myers*, 281 F.3d at 561; *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d at 1056. On the present record, a reasonable trier of fact could find in defendants' favor on the merits of plaintiff's First Amendment claims. The same unresolved issues of fact identified in the previous report and recommendation as precluding summary judgment for the defendants preclude

a summary judgment for plaintiff. Plaintiff's First Amendment claims will be decided under the test of *Turner v. Safley*, 482 U.S. 78 (1987), and the record is insufficient to answer all relevant parts of that inquiry. (*See* page ID#s 274-75). A reasonable trier of fact could find that plaintiff suffered no damages or damages far lower than the amount he currently claims. The evidence is "susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. at 553. I recommend that plaintiff's motion for summary judgment be denied.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's claims for injunctive relief under RLUIPA be dismissed as moot. I further recommend that plaintiff's motion for summary judgment on his First Amendment claims for damages against defendants (docket # 58) be denied.


Dated: March 20, 2014 /s/ Joseph G. Scoville
United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).