UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE HALL, #090753,

Plaintiff,

v.

MIKE MARTIN, et al.,

Defendants.

Case No. 1:10-cv-1221-PLM

Hon. Paul L. Maloney

# REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutional Persons Act (RLUIPA), 42 U.S.C. § 2000cc-2(a). Plaintiff, George Hall, is a 79-year-old man serving multiple life sentences imposed by the Ingham County Circuit Court in 1975 on three first-degree murder convictions. At all times relevant to this case, plaintiff was an inmate at the Lakeland Correctional Facility (LCF). His complaint arises from a decision by officials of the Michigan Department of Corrections (MDOC) in April 2010 to cease offering a Kosher Vegan diet to prisoners at LCF.

The complaint named five defendants, all employees of the MDOC, three of whom were dismissed on summary judgment. (Dkt. 30). The remaining two defendants are Brad Purves and Mike Martin.[1] Plaintiff's RLUIPA claims for injunctive relief were dismissed as moot on April 10, 2014, after the MDOC

[1]Defendant Martin is no longer employed by the MDOC. He retired on February 15, 2014. (Martin Dep. at 8, Dkt. 101-7, Page ID 739).

implemented a vegan diet that was acceptable to plaintiff. (Dkt. 68). Plaintiff's only remaining claims are for alleged violations of his First Amendment rights under the Free Exercise clause: (1) a claim for damages against defendant Purves in his individual capacity arising from his decision in April 2010 to discontinue a strict vegetarian meal plan that had been implemented at LCF; and (2) a claim for damages against defendant Martin in his individual capacity arising from his decision in June 2010 to deny plaintiff's request for a strict vegetarian diet.

Pending before the Court is plaintiff's motion for summary judgment as to liability on his claim against defendant Martin (Dkt. 101), which was referred to the undersigned by the Honorable Paul L. Maloney for report and recommendation under 28 U.S.C. § 636(b)(1)(B). The Court heard oral arguments on February 4, 2015. Having considered the parties' oral and written submissions, and for the reasons set forth herein, I recommend that plaintiff's motion be denied.

This is plaintiff's second motion seeking summary judgment. (See Dkt. 58 (filed in *pro per*)). In his report and recommendation regarding the first such motion, Magistrate Judge Joseph G. Scoville noted:

> On the present record, a reasonable trier of fact could find in defendants' favor on the merits of plaintiff's First Amendment claims. The same unresolved issues of fact identified in the previous report and recommendation[2] as

---

[2]The previous report and recommendation to which Judge Scoville is referring is his March 29, 2012, report recommending, among other things, the denial of defendants Martin and Purves' motion for summary judgment concerning plaintiff's First Amendment claim for damages. (Dkt. 27). Chief Judge Maloney adopted that report and recommendation on May 3, 2012. (Dkt. 30).

> precluding summary judgment for the defendants preclude a summary judgment for plaintiff. . . . A reasonable trier of fact could find that plaintiff suffered no damages or damages far lower than the amount he currently claims. The evidence is "susceptible of different interpretations or inferences by the trier of fact."

(Report and Recommendation at 6-7, Dkt. 65, Page ID 524-25 (quoting *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999)). Chief Judge Maloney adopted that report and recommendation on April 10, 2014. (Dkt. 68). Plaintiff offers nothing in his renewed motion that warrants a different outcome here.[3]

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Sadie v. City of Cleveland*, 718 F.3d 596, 599 (6th Cir. 2013). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a

[3]The facts upon which plaintiff relies in the instant motion appear to have been known at the time of his first motion for summary judgment, and several of the issues raised in that motion are similar to those now pending before the Court. (*See* Dkt 59). Although there is no categorical prohibition on renewed or successive motions, the issues in the successive motion are generally limited to matters that have not been previously addressed by the Court, or that are supported by an expanded record. *See Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995); *see also Stryker Corp. v. TIG Ins. Co.*, No. 1:05-cv-51, 2014 WL 198678, at *2 (W.D. Mich. Jan. 15, 2014) (examining the law of the case doctrine and circumstances in which it may be appropriate for a district court to exercise its discretion and revisit an earlier ruling). This report and recommendation is giving plaintiff the benefit of the doubt in this regard.

matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Federal Rule of Civil Procedure 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the respondent assumes the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To sustain this burden, the respondent may not rest on the mere allegations of his pleadings, but rather, must present "specific facts showing there is a genuine issue for trial." *El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 427 (6th Cir. 2013). "In other words, the movant [can] challenge the opposing party to 'put up or shut up' on a critical issue. After being afforded sufficient time for discovery . . . if the respondent [does] not 'put up,' summary judgment is proper." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [respondent].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Davis v. Cintas Corp.*, 717 F.3d 476, 491 (6th Cir. 2013).

Upon the respondent's failure "to properly support an assertion of fact," or "to properly address another party's assertion of fact," the court may consider the fact undisputed for purposes of the motion. FED. R. CIV. P. 56(e)(2). The court may also grant summary judgment "if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." FED. R. CIV. P. 56(e)(3).

A moving party with the burden of persuasion faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County School Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of persuasion needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles*

*v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, "[s]ummary judgment in favor of the party with the burden of persuasion . . . is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Proposed Findings of Fact**

The relevant facts are largely undisputed.

Plaintiff Hall professes to be a Messianic Jew.[4] He asserts a religious belief that "man is scripturally mandated to eat no animal products." (Complaint, Dkt. 1, Page ID 2). He does not contend that his religion requires him to maintain a strict vegetarian diet; rather, he asserts that it is based on his "personal belief in what [he] should do to best serve [his] God." (Dkt. 1-1, Page ID 27 (citing Romans 14:14)).

Beginning in the summer of 2008, plaintiff received a "Kosher Strict Vegetarian" diet (also known as a Kosher Vegan diet) – one that contains no meat or meat products – a diet similar to that being served to Buddhists and Seventh Day Adventists. (Dkt. 26-1, Page ID 232, 249-50). On April 26, 2010, plaintiff was informed that he would no longer be provided a Kosher Vegan diet, and that he needed to choose between either a kosher or a vegan diet. (Dkt. 1-1, Page ID 21). Plaintiff grieved this decision, unsuccessfully. (Dkt. 1-1, Page ID 47-53).

Defendant Mike Martin was, at the time, the deciding official for religious dietary requests. (Martin Dep. at 8-9, Dkt. 101-7, Page ID 739). In a June 16, 2010,

---

[4]A Messianic Jew is one who accepts Jesus Christ as the Messiah.

memorandum, he denied plaintiff's request for a "strict vegetarian diet," following a chaplain's interview of plaintiff. (Dkt. 1-1, Page ID 28). Defendant Martin noted: "It is difficult for one person to discern the sincerity and intent of another person. However, based upon the information provided, [plaintiff] is NOT APPROVED for the Strict Vegetarian Diet." (*Id.*). The decision was delivered to plaintiff on June 21, 2010. (*Id.*). Defendant Hall has explained this decision, stating: "Hall's religious preference is Judaism. There is no religious requirement that a strict vegetarian diet be observed. In fact, Judaism goes into considerable detail regarding the animals, fowl and fish that may be eaten, and how the permitted creatures should be slaughtered and their meat prepared." (Martin Affidavit ¶ 13, Dkt. 21-1, Page ID 160).

Plaintiff was thereafter placed on a kosher non-vegan diet. (Dkt. 1-1, Page ID 47). On December 1, 2013, however, plaintiff was again placed on a diet that met his stated religious beliefs. (Pltf. Supp. Reply Brief at 1-2, Dkt. 63, Page ID 511-12).

## Analysis

### I. The Sincerity of Plaintiff's Stated Religious Beliefs is a Question of Fact That Precludes Summary Judgment.

The Supreme Court has recognized that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). These include the right to the free exercise of religion. *See Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972) ("[R]easonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendment without fear of penalty.").

To sustain his First Amendment claim, plaintiff must prove, as a threshold matter, that his stated religious belief concerning the requirement for a Kosher Vegan diet is "sincerely held." *See Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (citing *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987)); *see also Bonnell v. Burnett*, No. 2:07-cv-15444, 2011 WL 4534386, at *10 (E.D. Mich. Aug. 10, 2011) ("[P]laintiff must make a threshold showing that the practice he is being denied is motivated by his religious beliefs, and that those beliefs are sincerely held." (citing *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000) (en banc)). "[T]he touchstone for determining whether a religious belief is entitled to free-exercise protection is an assessment of 'whether the beliefs professed . . . are sincerely held,' not whether 'the belief is accurate or logical.'" *Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010) (quoted citation omitted). Accordingly, to obtain summary judgment, plaintiff must demonstrate that the sincerity of his stated religious belief is beyond question.

In support of his motion, plaintiff relies on his contention that, "[i]n none of their pleadings have Defendants claimed that Hall does not possess sincerely held religious belief." (Pltf. Brief at 1-2, Page ID 722-23). This contention is incomplete and inaccurate. In their answer, defendants state that they "neither admit nor deny whether Plaintiff is a sincere believer and practicing Messianic Jew and leave Plaintiff to his proofs on this issue." (Defs. Martin and Purves' Answer, Dkt. 48, Page ID 364). Defendant Martin later testified that he did not know for certain whether plaintiff's stated religious beliefs were sincere. (Martin Dep. at 32, Page ID 741). Accordingly, defendant Martin has not conceded the issue.

Plaintiff's reliance on defendant Martin's failure to affirmatively plead or prove that plaintiff's dietary preferences are not rooted in sincerely-held religious beliefs is misplaced. Plaintiff, not defendant Martin, bears the burden of proof as to these issues. *See, e.g., Flagner*, 241 F.3d at 481. "A prisoner alleging that the actions of prison officials violate his religious beliefs must show that 'the belief or practice asserted is religious in the person's own scheme of things' and is 'sincerely held.'" *Id.* (quoting *Kent*, 821 F.2d at 1224). Defendant Martin had no obligation to affirmatively disprove the elements of a First Amendment claim on which plaintiff bears the burden of proof (both production and persuasion).

Defendant Martin's use of an objective test of plaintiff's knowledge of Judaism in denying his dietary request was erroneous. *See, e.g., Colvin*, 605 F.3d at 298. It does not necessarily follow, however, that plaintiff was sincere in making this request. Nor does it mandate summary judgment on this issue. As this Court has previously noted, the extent of an individual's knowledge of the tenets of his designated religion may be relevant to the inquiry regarding the sincerity of his stated beliefs:

> The "sincerity" test is one of those broad legal pronouncements that looks good on paper, but is difficult to apply. How does one determine another person's sincerity? It is self evident that a person's knowledge of the tenets of his/her claimed religion, as well as his knowledge, in this case, of what a kosher diet actually is, has some bearing upon sincerity.

*Colvin v. Caruso*, 852 F. Supp.2d 862, 869 (W.D. Mich. 2012), *on remand from Colvin v. Caruso*, 605 F.3d 282 (6th Cir. 2010).

While plaintiff cites to substantial evidence of his long-term interest in a Kosher Vegan diet (see Dkt. 1-1), it is insufficient to warrant summary judgment. That evidence consists of his own statements, both written and oral, the credibility of which must be determined by the trier of fact. *See Anderson*, 477 U.S. at 249 ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."); *see also McGuire v. Michigan Dep't Comm. Health*, 526 F. App'x 494, 497 (6th Cir. 2013) (reversing grant of summary judgment where "district court improperly made credibility determinations and weighed the evidence").[5]

As with any issue involving an individual's state of mind, the sincerity of one's religious beliefs is decidedly a question of fact. *See United States v. Seeger*, 380 U.S. 163, 185 (1965) ("[W]hile the 'truth' of a [religious] belief is not open to question, there remains the significant question whether it is 'truly held.' This is the threshold question of sincerity which must be resolved in every case. It is, of course, a question

[5]Defendant Martin has submitted an affidavit with his supplemental response to plaintiff's motion for summary judgment in which the affiant states that plaintiff has been ordering non-kosher food items containing milk, eggs, beef, and fish at least since November 2012. (Popoff Affidavit, Dkt. 120-2, Page ID 1065-67 (noting that the existing records only go back as far as October 2012)). Plaintiff argues that this information is irrelevant in that the purchases occurred after the relevant time period for his pending claims. (Pltf. Resp. to Def. Mtn to Supp. at 4, Dkt. 121, Page ID 1105). Plaintiff, for his part, submitted a counter affidavit stating that he did not consume the non-kosher, non-vegan food items he purchased; rather, he used them as barter with other prisoners. (Hall Affidavit, Dkt. 123-1, Page ID 1121-22). While these supplemental affidavits reinforce my findings that there are disputed issues of material fact precluding summary judgment, this report and recommendation need not rely upon them, as I have determined there are pre-existing questions of fact.

of fact. . . ."). Issues relating to states of mind generally are not proper subjects for summary judgment. *See Helwig v. Pennington*, 30 F. App'x 516, 518-19 (6th Cir. 2002) ("Summary judgment is usually appropriate in state-of-mind cases only if the nonmoving party 'rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.'") (quoting *Picha v. City of Parma*, No. 91-3501, 1992 WL 57419, at *2 (6th Cir. Mar. 25, 1992) (internal quotation omitted)); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) ("Although an issue involving a person's state of mind is 'not necessarily inappropriate' for summary judgment, 'state of mind is typically not a proper issue for resolution on summary judgment.'") (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d at 1479; and *Wilson v. Seiter*, 893 F.2d 861, 866 (6th Cir. 1990), *vacated on other ground*, 501 U.S. 294 (1991))).

## II. The Validity of Defendant Martin's Stated Penological Interests Underlying His Decision to Deny Plaintiff's Dietary Request Remains a Question of Fact.

Assuming plaintiff succeeds in proving the sincerity of his religious beliefs, the inquiry shifts to whether defendant Martin's decision to deny his dietary request was "reasonably related to legitimate penological interests." *Flagner*, 241 F.3d at 483 (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). The Courts apply a four-factor analysis to determine whether a prison regulation is reasonably related to legitimate penological interests, using the so-called *Turner* test. *See Turner*, 482 U.S. at 89-91; *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

Plaintiff argues that because defendant Martin cannot satisfy the first *Turner* prong – that the denial of plaintiff's dietary request was reasonably related to a legitimate penological interest – plaintiff is entitled to summary judgment on the issue of liability. (Pltf. Brief at 6-7, Dkt. 101, Page ID 727-28). This argument is legally unfounded. It is plaintiff, not defendant Martin, who bears the burden of proof on that issue. *See Bazzetta*, 539 U.S. at 132 ("The burden, moreover, is not on the State to prove the validity of prison regulations but on the prisoner to disprove it."); *see also Akers v. McGinnis*, 352 F.3d 1030, 1048 (6th Cir. 2003) ("The party seeking to invalidate the prison regulation bears the burden of proof regarding these four factors.") (citing *Bazzetta*, 539 U.S. at 132).

This same legal error undermines plaintiff's argument that defendant Martin's assertions regarding the penological interests served by his decision are too "conclusory" to survive summary judgment. (Pltf. Reply Brief at 6-9, Dkt. 109, Page ID 989-92). The cases plaintiff cites involve inadequate responses by a non-moving party who has the burden of proof at trial. (*See* cases cited at *id*. at 7-9, Page ID 990-92). Here, by contrast, plaintiff is the moving parity, and he has the burden of proof. Accordingly, he must demonstrate that no reasonable trier of fact could find other than in his favor. *See Calderone v. United States*, 799 F.2d at 259 ("[W]here the moving party has the burden . . . his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."). Plaintiff has failed to make that showing here.

Plaintiff's reliance on Magistrate Judge Scoville's report and recommendation of March 29, 2012, (see Pltf. Brief at 7, Page ID 728), is misplaced for two reasons. First, it is Chief Judge Maloney's decision adopting that report and recommendation (Dkt. 30) that is controlling. Second, Magistrate Judge Scoville was addressing *defendants'* motion for summary judgment. In recommending denial of their motion, he noted: "Martin has articulated in general fashion at least one legitimate penological interest that could theoretically justify a refusal to accommodate plaintiff's demand for a religious diet – prohibitive cost. . . . the factual dispute between plaintiff and defendant makes it impossible on the present record to evaluate this justification." (Report and Recommendation, Dkt. 27, Page ID 275; *see also id.* at Page ID 274 (noting that the record was insufficient to find a valid, rational basis between Martin's stated concern regarding prison transfers based on false claims of religious dietary needs and the facts of this case)).

Later, in evaluating *plaintiff's* motion for summary judgment, Magistrate Judge Scoville reported that, "[a]lthough plaintiff ha[d] presented some additional evidence, it does not approach the level of proof necessary for him to obtain summary judgment. Plaintiff's evidence is not of such strength that no reasonable trier of fact would be free to disbelieve it." (Report and Recommendation at 6, Dkt. 65, Page ID 524). Chief Judge Maloney agreed. (Dkt. 68). These factual disputes remain.

Notably, plaintiff has failed to cite a single case in which a court has granted summary judgment in favor of a prisoner bringing a First Amendment free exercise claim. His counsel conceded during oral argument the lack of any such precedent.

Given that plaintiff bears the burden of proof both on the issue of the sincerity of his belief and the invalidity of the stated grounds for the actions in question under the *Turner* test, the absence of such precedential authority is not surprising.

## Conclusion

As did Chief Judge Maloney regarding plaintiff's first motion for summary judgment, I find that plaintiff's evidence is not of such strength that no reasonable juror would be free to disbelieve it. Now as then, summary judgment is unwarranted. Accordingly, I recommend that plaintiff's second motion for summary judgment be denied.

Respectfully submitted,

Date: February 18, 2015

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Branch*, 537 F,3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).